UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ENEDINA OVERSTREET, an individual<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a foreign corporation; DOE EMPLOYEE; DOES 1-20; ROE CORPORATIONS 1-20, inclusive,<br><br>Defendants. | Case No. 2:22-cv-01252-GMN-EJY<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Motion to Amend Complaint (the "Motion"). ECF No. 7. The Court has considered the Motion and Defendant's Response (ECF No. 9). No reply was filed.

**I.     RELEVANT BACKGROUND**

This case commenced on August 31, 2021 when Plaintiff filed a lawsuit in the Eighth Judicial District Court for Clark County, Nevada ("State Court"). ECF No. 1-2 at 2. Plaintiff's Complaint alleges that Defendant was negligent and that Plaintiff is entitled to several forms of relief including: (1) general damages in an amount in excess of $15,000; (2) damages for the costs of medical care and treatment, past and future; (3) damages for loss of income and earning capacity, past and future; and (4) prejudgment interest, attorney's fees, and the costs of suit incurred. *Id.* at 4-5. The case proceeded in State Court until Defendant filed its Petition for Removal on August 4, 2022. ECF No. 1. Thereafter, Plaintiff simultaneously filed the instant Motion to Amend and a Motion to Remand the case to State Court (ECF No. 8) to which Defendant filed a Response (ECF No. 10).

**II.    MOTIONS AND RESPONSES**

   A.     <u>Plaintiff's Motion to Amend and Motion to Remand</u>.

Plaintiff argues that under Federal Rule of Civil Procedure 15, "absent a finding of undue delay or bad faith, leave to amend should be freely given when justice so requires." ECF No. 7 at 4. Without any detail, Plaintiff says that as the case proceeded before removal she discovered Adam

1

Wawu was the Wal-Mart employee involved in the incident causing her alleged injuries. *Id.* Plaintiff claims that she subsequently sought to communicate with both Defendant's former counsel and its current counsel for the purpose of stipulating to amend the Complaint to add Mr. Wawu as a defendant in the case. *Id.*[1] Plaintiff contends all attempts at communication with opposing counsel were ignored. *Id.*

Plaintiff's Motion to Remand, not decided here, but reviewed for context, asserts that Defendant missed its opportunity to remove to federal court when Defendant failed to file a Notice of Removal within thirty days of either Defendant's receipt of a summons or Plaintiff's Request for Exemption from Mandatory Arbitration. ECF No. 8 at 2-3. Plaintiff asserts that the proposed amended complaint—which seeks to add Mr. Wawu as a defendant—destroys diversity of citizenship and therefore divests this Court of jurisdiction over this case. *Id.* at 4-5.

B.  Defendant's Responses.

Defendant counters that the Motion to Amend was brought by Plaintiff in bad faith; that is, solely to destroy diversity and require remand of this case to State Court. ECF No. 9 at 3. Defendant further argues the proposed amended complaint (ECF No. 7-2) does not state a cognizable claim for relief warranting a finding that granting the Motion to Amend would be futile. ECF No. 9 at 3.

Defendant cites to Ninth Circuit case law holding that filing a motion to amend as a ploy to destroy diversity jurisdiction is not a good faith basis for amending under Rule 15. ECF No. 9 at 5 (and citations therein). Defendant explains that Plaintiff's bad faith motive for adding Mr. Wawu is clear because: (1) Plaintiff waited 262 days after learning of Mr. Wawu's identity and role in her accident before moving to amend her Complaint;[2] (2) contrary to Plaintiff's assertions, there was no attempt by Plaintiff to communicate with Defendant regarding a stipulation to amend;[3] and (3) on

---

[1] Plaintiff cites to the Declaration of Counsel Christian Smith to support this contention. In paragraph 7 of that Declaration, Mr. Smith repeats these contentions, but fails to identify a single date on which such efforts were made. ECF No. 7-1 ¶ 7. There is no mention of an email, phone call, or letter initiated by Mr. Smith, or anyone associated with Plaintiff's counsel, offered in support of the supposed efforts to communicate with opposing counsel or their failure to respond. The Court finds this lack of detail troubling.

[2] On November 30, 2021, Mr. Wawu was disclosed as a witness in Defendant's Initial Case Conference Report. ECF No. 9-2 at 3. Importantly, Defendant disclosed Mr. Wawu's witness statement demonstrating he was the person pushing a cart that struck Plaintiff on that same date. ECF No. 9-3. Plaintiff's Motion to Amend was not filed until August 19, 2022. ECF No. 7.

[3] Attached to the Response to Plaintiff's Motion are all emails from Plaintiff's counsel in Defendant's possession. The emails contain no mention of a stipulation to amend Plaintiff's Complaint. ECF No. 9-4.

the same day Defendant filed its removal papers, Plaintiff's counsel sent an email threatening Rule 11 sanctions and stating that "even if the federal court grants your petition, I will immediately file a Motion to Amend the Complaint" to add Mr. Wawu who "is a resident of the State of Nevada and as such his inclusion would destroy diversity jurisdiction." *Id.* at 3-6 *citing* ECF No. 9-1 at 1.[4]

### III.    DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedures provides that the court should freely grant leave to amend "when justice so requires." The policy underlying this Rule is "'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Despite this liberal policy, leave to amend may be denied when there is undue delay, bad faith, a dilatory motive, repeated failure to cure deficiencies through previously permitted amendments, undue prejudice or futility. *Id.* at 1052 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Ninth Circuit case law holds that bad faith may be demonstrated when a party attempts to add a defendant with the intended goal of destroying diversity of citizenship and, therefore, the jurisdiction of a federal court to preside over the case at hand. *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) ("[W]e cannot say the district court's finding as to [Plaintiff's] motive was clearly erroneous. Because bad faith motive is a proper ground for denying leave to amend, we conclude that the district court did not abuse its discretion by denying [Plaintiff's] motion to add a new defendant."); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (recognizing a district court does not abuse its discretion to deny a motion to amend when the amendment is offered in bad faith for the purpose of destroying diversity). "To determine if a plaintiff's amendments are brought in bad faith, a court focuses on the plaintiff's motives for not amending the complaint earlier." *Kerr v. Zacks Investment Research, Inc. et al.*, Case No. 3:16-cv-01352-GPC-BLM, 2016 WL 5464554, at *2 (S.D. Cal. Sept. 29, 2016), *citing Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).

---

[4] With respect to Plaintiff's contention that removal was untimely and the Rule 11 threat, Defendant explains that Plaintiff's initial claim for damages was described as "an amount in excess of $15,000"; Plaintiff subsequently filed a Request for Exemption from Mandatory Arbitration in State Court that alleged $46,496 in past medical special damages, without indicating the amount in controversy would meet the federal diversity requirement; but, on August 2, 2022, Plaintiff made a settlement offer of $350,000, which prompted removal. ECF No. 10 at 4.

Here, the timing of Plaintiff's Motion to Amend and the statement made in an email sent to Defendant's counsel evidence that Plaintiff's proposed amendment to her Complaint is brought for the purpose of destroying diversity. Plaintiff knew of Mr. Wawu on November 30, 2021 (ECF Nos. 9-2, 9-3), long before Defendant filed its removal papers on August 4, 2022 (ECF No. 1). Indeed, that Mr. Wawu is the Wal-Mart employee who ran into Plaintiff was also disclosed on November 30, 2021. ECF No. 9-3. Defendant did not hide this fact from Plaintiff; nor does Plaintiff contend that it did. However, Plaintiff did not seek to add Mr. Wawu as a defendant until removal occurred. ECF Nos. 9-2 at 3, 9-3. Plaintiff offers no reason for the almost eight month delay in seeking to add Mr. Wawu as a defendant. Instead, what is clear from Plaintiff's August 4, 2022 email to Defendant is that the addition of Mr. Wawu to Plaintiff's claims is meant to "destroy diversity jurisdiction." ECF No. 9-1.

Ninth Circuit case law is clear: an amendment to a complaint the purpose of which is to destroy the federal court's jurisdiction is an amendment in bad faith. *Russell v. Lorillard, Inc.*, 144 Fed. Appx. 583, at *1 (9th Cir. 2005). The Court finds this is exactly what has occurred here.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Amend (ECF No. 7) be DENIED.

Dated this 29th of September, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address

4

and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).