UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ENEDINA OVERSTREET,

          Plaintiff,

vs.

WAL-MART STORES, INC.,

          Defendant.

Case No.: 2:22-cv-01252-GMN-EJY

**ORDER**

Pending before the Court is the Motion to Remand, (ECF No. 8), filed by Plaintiff Enedina Overstreet ("Plaintiff"). Defendant Wal-Mart Stores, Inc. ("Defendant") filed a Response, (ECF No. 10), but Plaintiff did not reply.

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Remand.

**I.     BACKGROUND**

This case arises from an incident during which one of Defendant's employees allegedly struck and injured Plaintiff while negligently operating a handcart. (Compl. ¶ 9, Ex. 1 to Pet. Removal, ECF No. 1-2). Plaintiff originally filed her Complaint in the Eighth Judicial District Court for Clark County, Nevada against Defendant as well as unidentified "Roes" and "Does." (*See generally id.*, Ex. 1 to Pet. Removal). Defendant subsequently removed the case to this Court. (*See* Pet. Removal, ECF No. 1). In its Petition, Defendant alleges that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* ¶¶ 6–19). Plaintiff then moved for remand. (Mot. Remand, ECF No. 8).

**II.    LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations

omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

### III.   DISCUSSION

Preliminarily, the Court notes that the parties do not dispute that Plaintiff and Defendant are citizens of different states.[1] (*See generally* Pet. Remand, ECF No. 1); (Mot. Remand, ECF No. 8); (Resp., ECF No. 10). Additionally, the parties do not dispute that the amount in controversy is met.

///

---

[1] Plaintiff is a citizen of Nevada. (Compl. ¶ 1, Ex. 1 to Pet. Removal). Defendant is incorporated in Delaware and maintains its principal place of business in Arkansas. (Pet. Removal ¶ 8); (*see* Compl. ¶ 2, Ex. 1 to Pet. Removal) (identifying Defendant as a "Foreign Corporation").

(*See generally* Mot. Remand) (limiting legal argument to issue of complete diversity of citizenship); (Resp.).[2]

The issue at dispute is whether a fictitious defendant named in the Complaint destroys diversity of jurisdiction. (Compl. ¶¶ 3–4); (Mot. Remand 5:1–10).  Generally, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). However, "[n]umerous courts have recognized that 'when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as the company's agent, the court should consider the citizenship of the fictitious defendant.'" *Velarde v. Smith's Food & Drug Centers, Inc.*, No. 2:18-cv-1389-JCM-NJK, 2018 WL 6191398, at *2 (D. Nev. Nov. 27, 2018) (quoting *Collins v. Garfield Beach CVS, LLC*, No. CV 17-3375 FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017). This is because it is "unfair to force plaintiffs from their state court forum into federal court by allowing [a defendant] to plead ignorance about the defendant-employee's identity and citizenship when [a corporate defendant] is in a position to know that information." *Sandoval v. Republic Servs., Inc.*, No. 2:18-cv-01224-ODW-KSX, 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018) (quoting *Collins*, 2017 WL 2734708, at *2).

However, this is not a case in which a corporate defendant is concealing the identity of an employee to manufacture diversity.  Plaintiff's Complaint names several fictitious defendants, including "DOE EMPLOYEE," the employee who allegedly struck Plaintiff. (Compl. ¶¶ 3, 9, Ex. 1 to Pet. Removal).  This employee has since been identified as Adam

---

[2] It appears that the parties disagree on whether Defendant timely removed the case to federal court within thirty days after Defendant received any paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(2)(C)(3); (*see* Mot. Remand 3:1–2); (Resp. 7:12–25).  Defendant argues that an email dated August 2, 2022, conveying Plaintiff's $350,000.00 settlement demand was the first document establishing the requisite amount in controversy. (Resp. 7:13–15); *see Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").  Plaintiff does not offer any evidence that could have alerted Defendant to an amount in controversy exceeding $75,000.00 prior to the August 2 email. (*See generally* Mot. Remand).  Defendant filed its Petition for Removal on August 4, 2022. (*See generally* Pet. Removal).  Accordingly, the Court finds that the Petition for Removal is timely.

Wawu, a citizen of Nevada. (Mot. Remand 4:20–5:1). Because the identity of Mr. Wawu is known, the Court can only consider the citizenship of Mr. Wawu if he is properly joined as a defendant. 28 U.S.C. § 1441(b)(2). But the Court previously denied Plaintiff's request to join Mr. Wawu to the Complaint because his addition was "meant to 'destroy diversity jurisdiction.'" (Report & Recommendation ("R&R") 4:9–11, ECF No. 12) ("Plaintiff did not seek to add Mr. Wawu as a defendant until removal occurred. Plaintiff offers no reason for the almost eight month delay in seeking to add Mr. Wawu as a defendant."); (*see* Order, ECF No. 25) (adopting the R&R). Because the Court will not consider Mr. Wawu's citizenship to determine diversity of jurisdiction, what remains is complete diversity among the parties. Accordingly, the Court DENIES Plaintiff's Motion to Remand.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 8), is **DENIED.**

**DATED** this __7__ day of February, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT